# Exhibit A

STATE OF SOUTH CAROLINA    )
                           )        IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER           )
                           )
Vincent Croom, As Personal Representative of )    CIVIL ACTION COVERSHEET
The Estate of Aaron Jacobs,        )
                           )
                    Plaintiff(s)   )
                           )        2012-CP-43-1964
        vs.                )
                           )
Sumter Police Department and South Carolina )
Law Enforcement Division.  )
                           )
                    Defendant(s)   )

| | |
|---|---|
| Submitted By: Andrew A. Aun | SC Bar #:     9482 |
| Address: 690-C Columbiana Drive, Columbia, SC 29212 | Telephone #:  803-744-0824 |
| | Fax #:     803-744-0830 |
| | Other: |
| | E-mail:   andy@aunmckaylaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☒ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
|---|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | | |
| | ☐ Sexual Predator (510) | | | |

Submitting Party Signature: _____    Date: 9/26/12

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                              Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:     You must comply with the Supreme Court Rules regarding ADR.
                 Failure to do so may affect your case or may result in sanctions.

STATE OF SOUTH CAROLINA     COPIES     IN THE COURT OF COMMON PLEAS

COUNTY OF SUMTER     2012 SEP 26 PH 2:44     C/A No.: 2012-CP-43 1909

VINCENT CROOM, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF AARON JACOBS,                                 )
                                                 )
                    Plaintiff,                   )
                                                 )               SUMMONS
                                                 )     (Wrongful Death and Survival Action)
        vs.                                      )          (Jury Trial Demanded)
                                                 )
                                                 )
SUMTER POLICE  DEPARTMENT                        )
AND SOUTH  CAROLINA LAW                          )
ENFORCEMENT DIVISION                             )
                                                 )
                    Defendants.                  )
                                                 )

TO THE DEFENDANTS:

        YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action,

of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint

on the subscribed at his office, 690-C Columbiana Drive, Columbia, South Carolina 29212 within

thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to

answer the Complaint within the time aforesaid, judgment by default will be rendered against you

for the relief demanded in this Complaint.

                                        AUN & MCKAY, P.A

                                        By
                                        Andrew A. Aun, Esquire
                                        690 Columbiana Drive, Suite C
                                        Columbia, South Carolina 29212
                                        Phone (803) 744-0824
                                        Fax (803) 744-0830
                                        ATTORNEYS FOR PLAINTIFF

September 26th, 2012
Columbia, SC

1

STATE OF SOUTH CAROLINA        )        IN THE COURT OF COMMON PLEAS

2012 SEP 26  PM 2: 44

COUNTY OF SUMTER               )        C/A No.: 2012 · CP-43 · 1909

VINCENT CROOM, AS PERSONAL     )
REPRESENTATIVE OF THE ESTATE   )
OF AARON JACOBS,               )
                               )
             Plaintiff,        )                **COMPLAINT**
                               )        *(Wrongful Death and Survival Action)*
        vs.                    )              *(Jury Trial Demanded)*
                               )
SUMTER POLICE DEPARTMENT       )
AND SOUTH CAROLINA LAW         )
ENFORCEMENT DIVISION           )
                               )
             Defendants.       )
_____)

The plaintiff alleges:

### Jurisdictional Allegations

1.       The Plaintiff brings this action as the Personal Representative of the Estate of Aaron Jacobs

on behalf of the Estate and himself as the statutory beneficiary for the wrongful death of Aaron

Jacobs. (See Exhibit A)  The Plaintiff is a resident of the County of Sumter, State of South

Carolina and the biological father of the Plaintiff's Decedent, Aaron Jacobs (Hereinafter Plaintiff's

Decedent, Aaron Jacobs and/or Jacobs).

2.       Defendant Sumter Police Department is a governmental department charged with the

investigation of crimes and enforcement of laws in the jurisdictional City of Sumter limits, and is

under the authority and control of the South Carolina Law Enforcement Division.  Defendant

Sumter Police Department is located in County of Sumter, State of South Carolina, and its

principal place of business in Sumter County

3.       Defendant South Carolina Law Enforcement Division (Hereinafter "Defendant SLED") is

a division of State Government charged with the oversight, training, management and regulation

2

of state, county and municipal law enforcement divisions, including, but not limited to, Defendant Sumter Police Department. Defendant SLED is the regulatory department charged with regulating, overseeing, establishing standards, and administering regulatory safeguards for law enforcement departments throughout the State of South Carolina. Defendant SLED is located in the County of Richland, State of South Carolina and its principal place of business is in Richland County.

4.    This action is brought, in part, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§15-78-10 to 15-78-190 (Supp.), to recover damages for injuries and/or death sustained by the Plaintiff's decedent.

5.    This is an action also based on violations of Plaintiff's decedent's civil rights brought pursuant to 42 U.S.C. §§1983 and 1988.

6.    At all times relevant to this action, the Defendants were and are governmental entities within the meaning of the South Carolina Tort Claims Act and were acting under the color of state law under Title 42 of the United States Code, Section 1983.

7.    Upon information and belief, Officer Mark Anthony Moses resides in Sumter County, South Carolina and was at all times relevant herein a uniformed officer employed by the Defendant Sumter Police Department, and had been employed with the Defendant Sumter Police Department for three (3) months prior to the incident in question.

8.    Upon information and belief, Senior Corporal Christopher Jason Lyons resides in Sumter County, South Carolina and was at all times relevant herein a uniformed officer employed by the Defendant Sumter Police Department, and was charged with the training of Officer Moses and was, along with Officer Moses, on duty at the time of the incident in question.

9.    The incident complained of in this lawsuit occurred in Sumter County, South Carolina.

3

10.   Plaintiff alleges that Defendants violated Plaintiff's civil rights, in particular his Fourth Amendment right to be free from unreasonable arrests, searches and seizures and in particular his Fourth Amendment right not to be subjected to excessive force during an arrest, specifically racial profiling which lead to his untimely and horrific death.

11.   Further, Plaintiff alleges that the gross negligence as outlined herein on the part of the Defendants lead to and was the proximate cause of the Plaintiffs decedent's death at a young age.

### Factual Allegations

12.   On September 28, 2010, Officers Moses and Lyons were traveling toward a reported incident involving a stolen vehicle in the vicinity of Clematis Trail in Sumter County.  The vehicle stolen was reported to have been heading towards Alice Drive, where a police chase allegedly ensued. The stolen vehicle, which was being chased by officers in pursuit, subsequently wrecked, and the alleged suspect fled on foot.  The carjacking suspect was presumably armed, and according to reports from the victim, was wearing all black when he approached her in the carjacking.   The reports provided, however, do not indicate whether the carjacking suspect was a black male or not, but only that he was wearing all black.

13.   After reporting to the accident scene, City of Sumter Officers Moses and Lyons, assisted in setting up a perimeter of the scene, and once the proper authorities arrived to continue the investigation, were heading back to the City of Sumter Police Headquarters.  Officers Moses and Lyons, while returning to headquarters on Patriot Parkway in Sumter County, observed Aaron Jacobs, a black male wearing a black t-shirt and brown shorts, walking along the side of Patriot Parkway.

4

14.    While reports and statements from the Defendant Sumter Police Department, Defendant SLED and Officers Moses and Lyons do not indicate the race of the carjacking suspect, the statements do indicate that Aaron Jacobs "matched the description of the suspect."

15.    Upon information and belief, the carjacking suspect was a 16 year old black male, and at the time of his death Aaron Jacobs was a 25 year old black male.   Further, upon information and belief, the carjacking suspect was wearing all black, but Aaron Jacobs, at the time of his death, was wearing a black T-shirt and tan/brown shorts. Further, upon information and belief, Aaron Jacobs had a "bush pony tail" hairstyle.

16.    Officers Moses and Lyons approached Jacobs while he was walking along the road.   They signaled their blue lights, and both exited the vehicle.   Upon information and belief, Officer Lyons began questioning and talking with Aaron Jacobs, and attempting to search him.

17.    Based on statements of the officers involved, Jacobs was neither read any rights or advised of why he was being searched, but only that he had been stopped because he "matched the description" of the suspect.   Upon information and belief, an altercation ensued between Officer Lyons and Jacobs, where statements obtained indicated that Jacobs stated "I ain't got nothing man, I ain't got nothing."   Upon information and belief, Jacobs, afraid of why he was being detained and handled by Officer Lyons as he was, panicked and ran away from the officers.

18.    In statements obtained, Officer Lyons indicated that Jacobs, during the altercation, lost his T-Shirt, exposing a weapon in the back of his pants while running from the Officers.   Conclusions of the investigation indicate that it cannot be conclusively stated that Jacobs presented a gun or pointed a gun at Officer Lyons, although Lyons, indicated that Jacob pointed the weapon at him, causing him to fire several shots from his weapon, striking Jacobs 4 times in the head, back and left

buttocks. The gunshots, fired by Officer Lyons while Jacobs was presumably running away from him in an open field, killed Jacobs.

19.    Defendant SLED's Forensics Investigation indicates that at no time was there ever any shells and/or cartridges discharged from the weapon Jacobs allegedly had at the time of his detention and attempted arrest by the Defendant Sumter Police Department. Further, at no time was any back up called to the scene prior to the altercation that lead to the shooting, although Officer Lyons had a trainee officer with him at the time.

20.    Investigations conducted by Defendant SLED on the facts and forensics further indicate the following:

(a)    That Officer Lyons stated that at the time of the incident, no shots were fired by Jacobs;

(b)    That the black T-shirt worn by Jacobs had been pulled off during the altercation, at or near the Police car;

(c)    That the gun allegedly in the possession of Aaron Jacobs at the time of the attempted arrest was found 39 feet from Aaron Jacobs body;

(d)    That there are contradictory statements as to whether Aaron Jacobs had a gun at all, and if so, whether he pointed the gun at Officer Lyons;

(e)    That Aaron Jacobs was running away from the officers at the time he was shot and was shot in the back of his body repeatedly;

(f)    That the Sumter Police Department's dispatch indicated at or around 9:11 am, a call was received describing a black male with a brown shirt and black pants on Patriots Parkway, totally inconsistent with other testimony and evidence indicating that Jacobs was wearing a black shirt, and certainly, not consistent with the description of the carjacking suspect provided to Officers Lyons and Moses;

6

(g)     That the there was no clear evidence that the gun was in the possession of Jacobs, was presented or pointed at Officer Lyons, and in fact, in statements given to investigators, Lyons indicated that Jacobs never shot the gun allegedly in his possession;

(h)     That the body, being found some 39 feet from the gun, indicates that either the gun was dropped, no longer creating a danger, or was never in Jacobs' possession; and

(i)     That the search, attempted arrest and shooting occurred within the jurisdictional boundary of Sumter County, yet the officers involved and investigating Jacobs were employed by the Defendant Sumter Police Department.

21.     In addition, and importantly, it was later determined that Jacobs was not the culprit involved in the carjacking, and was cleared of all alleged wrongdoing, although killed by Defendant Sumter Police Department.

### First Cause of Action
### Against All Defendants
### (Violation of Fourth Amendment – §§42 US 1983 & 1988)

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this complaint.

23.     Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

24.     Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the descendent of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

7

b.      The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

c.      The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and/or

d.      The right to be free from racial profiling and/or stereotyping in the conduct of state business or under the color of law.

25.     As a direct and proximate result of the violation of Plaintiff's decedent's constitutional rights by Defendants, the Plaintiff's decedent was killed, and the Plaintiff now seeks damages for pain and suffering (past and future), wrongful death, loss of enjoyment (past and future), loss of wages (past and future), medical bills (past and future), emotional distress, mental anguish (past and future) and attorney's fees.

### Second Cause of Action
**Against All Defendants**
**(Violations of Plaintiffs' Civil Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this complaint.

27.     Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of its right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of its right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

8

28.    Plaintiff seeks any and all damages relating to said loss, including attorney's fees, emotional distress and mental anguish.

### Third Cause of Action
### Against All Defendants
### (Violations of Plaintiffs' Civil Rights – Survival Action)
### (42 U.S.C. § 1983)

29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this complaint.

30.    Aaron Jacobs was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death.

31.    Plaintiff now claims damages for the conscious pain and suffering resulting from the willful and reckless violations of the Plaintiff's decedent's civil rights provided for under 42 U.S.C. § 1983.

### Fourth Cause of Action
### Against All Defendants
### (Negligence and/or Gross Negligence and/or Recklessness)

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this complaint.

33.    The Defendants were negligent, careless, grossly negligent, and reckless in one or more of the following:

a.    In failing to properly train, supervise and instruct officers on proper protocol in investigating and carrying out duties in factual circumstances as the one in question so as to prevent racial profiling from occurring;

b.    In properly staying within the jurisdictional limits of the boundary of its authority;

c.    In its approval, employment and continued employment of officers who are predisposed to

9

racial profiling and/or are not sensitive to racial profiling and/or have had a background for excessive force in the conduct of their duties and/or have not been properly and/or fully trained to be placed in a situation which could potentially lead to altercations and/or dangerous situations;

d.  In failing to properly guide law enforcement officials on a proper checklist of issues to consider prior to conducting an unlawful and/or unjustified and/or unsubstantiated search and attempted arrests to include outlining specific characteristics on identification, other than race (ie. color, height, age, hair color, hair style, etc), and exercising caution and discretion prior to approaching and/or attempting to arrest individuals fitting certain descriptions;

e.  In failing to oversee offices and officers in the administration of programs designed to prevent racial profiling from occurring and providing the necessary tools to officers in the field to prevent issues, as the present case, from occurring;

f.  In failing to prevent officers from selective enforcement and/or investigations based on racial profiling that is motivated by a discriminatory purpose, and failing to continuously monitor law enforcement offices to ensure that such is not occurring and thereby deterring such conduct, and ensuring the right culprit is caught and convicted, as was not the case here;

g.  In failing to properly oversee, train, promulgate regulations, manage and develop standards on the propriety of when to use a firearm and under what circumstances use of a firearm is not appropriate;

h.  In misusing a firearm and/or exerting excessive force and abusing discretion in the use of a firearm and/or failing to exercise proper restraint in the shooting of Aaron Jacobs;

10

i.    In failing to properly investigate the circumstances surrounding the wrongful death fully and completely in a prompt and transparent manner, such that Freedom of Information Act claims have had to be brought for the release of certain information;

j.    In finding no wrongdoing on the part of the Defendant Sumter Police Department a way that indicated that the conclusion was obvious, but yet taking close to or over a year in investigating the matter to reach this conclusion;

34.    Aaron Jacob's death was directly and proximately caused by Defendants negligent, reckless, careless, and grossly negligent conduct as aforesaid.

35.    As a direct and proximate result of the negligent, reckless, careless, and grossly negligent conduct of Defendants, Plaintiff's decedent died for which Defendants are liable for the wrongful death of this young man

**Fifth Cause of Action**
**Against All Defendants**
**(Negligence and/or Gross Negligence and/or Recklessness – Survival Action)**

36.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this complaint.

37.    By reason and in consequence of the acts of the Defendants, Aaron Jacobs suffered conscious pain and suffering during the viscous repeated and unprovoked shooting that ultimately caused his death, and his estate is entitled to actual and punitive damages in an appropriate amount.

11

WHEREFORE, Plaintiff prays for judgment against the Defendants for actual damages together with punitive damages in an appropriate amount, for the cost of this action and attorney's fees pursuant to 42 U.S.C. §1988 and for such other and further relief as the court may deem just and proper.   The Plaintiff also requests a jury trial on all issues so triable.

AUN & MCKAY, P.A

By
Andrew A. Aun, Esquire
690 Columbiana Drive, Suite C
Columbia, South Carolina 29212
Phone (803) 744-0824
Fax (803) 744-0830
ATTORNEYS FOR PLAINTIFF

September 26th, 2012
Columbia, SC

12

EXHIBIT A

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

IN THE MATTER OF:     **AARON JACOBS**

CASE NUMBER:     **2010ES43003522**

PROBATE COURT

RECORDED

2012 SEP 26  PM 2: 44

CLERK OF COURT
SUMTER COUNTY, S.C.

## CERTIFICATE OF APPOINTMENT

This is to certify that

**VINCENT CROOM**

is/are the duly qualified

__XX__  PERSONAL REPRESENTATIVE(S)
_____GUARDIAN
_____CONSERVATOR
_____TRUST
_____

in the above matter and that this appointment, having
been executed on the
**5TH**  of **NOVEMBER , 2010**
is now in full force and effect, including authorization
to receive all monies, income, principal, interest and
dividends of and belonging to said estate.

**Restriction:**

**NONE**

Executed this  **5**TH  of **NOVEMBER ,  2010.**

_Theresa A Duggan  Deputy_
Sumter County Probate Court Judge

Do not accept a copy of this certificate without
The raised seal of the Probate Court.